KLESTADT WINTERS JURELLER       **Hearing Date**: January 5, 2017
SOUTHARD & STEVENS, LLP         **Hearing Time**: 11:00 a.m.
Tracy L. Klestadt
Joseph C. Corneau                **Objection Deadline**: December 29, 2017
200 West 41st Street, 17th Floor
New York, New York 10036
(212) 972-3000

*Proposed Attorneys for the Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CHINACAST EDUCATION CORP., | Case No. 16-13121(MKV) |
| Debtor. | |

# NOTICE OF HEARING ON DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZINGTHE EMPLOYMENT AND RETENTION OF REID COLLINS TSAI LLP AS SPECIAL LITIGATION COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION NUNC PRO TUNC TO THE PETITION DATE

**PLEASE TAKE NOTICE** that on January 5, 2017 at 11:00 a.m., a hearing will be held before United States Bankruptcy Judge Mary Kay Vyskocil at the United States Bankruptcy Court, Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, Courtroom 501, New York, New York 10004-1408, or as soon thereafter as counsel can be heard, to consider Debtor's Application for an Order Authorizing the Employment and Retention of Reid Collins Tsai LLP as Special Litigation Counsel for the Debtor and Debtor-in-Possession *Nunc Pro Tunc* to the Petition Date.

**PLEASE TAKE FURTHER NOTICE** that responding papers filed by parties with legal representation shall be filed (a)(i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-242), which may be accessed through the Internet at the Bankruptcy Court's website: www.nysb.uscourts.gov, and (ii) in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document of which the objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS text (ASCII) format. An objection filed by a party with no legal representation shall comply with section (a), (b) or (c), as set forth in this paragraph, and shall be hand delivered directly to the Chambers of Hon. Mary Kay Vyskocil. The objection shall be served in accordance with General Order M-242 or by first-class mail so as to be received **no later than 4:00 p.m. on December 29, 2016** (the "Objection Deadline") by

1

(i) Klestadt Winters Jureller Southard & Stevens, LLP, Attorneys for the Debtor and Debtor-in-Possession, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn.: Tracy L. Klestadt, Esq. and Joseph C. Corneau, Esq., (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn.: Serene Nakano, Esq. and (iii) those parties who have filed notices of appearance in this chapter 11 case. In the event that no answering papers are filed by this date, the relief sought shall be deemed uncontroverted and the Court may enter an appropriate order.

**PLEASE TAKE FURTHER NOTICE** that attendance at this hearing is not mandatory.

Dated: New York, New York
December 15, 2016

                                        KLESTADT WINTERS JURELLER
                                        SOUTHARD & STEVENS, LLP

                                          By: _/s/ Tracy L. Klestadt___
                                                 Tracy L. Klestadt
                                                 Joseph C. Corneau
                                      200 West 41st Street, 17th Floor
                                      New York, NY 10036
                                      (212) 972-3000

*Proposed Attorneys for the Debtor and Debtor-in-Possession*

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
Joseph C. Corneau
200 West 41st Street, 17th Floor
New York, NY 10036
Tel. (212) 972-3000
Fax. (212) 972-2245

*Proposed Attorneys for the Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CHINACAST EDUCATION CORP., | Case No. 16-13121(MKV) |
| Debtor. | |

### DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF REID COLLINS TSAI LLP AS SPECIAL LITIGATION COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION NUNC PRO TUNC TO THE PETITION DATE

Chinacast Education Corp. ("Chinacast" or "Debtor"), as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), submits this application ("Application") for entry of an order pursuant to sections 327(e), 328(a) and 330 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of Reid Collins Tsai LLP ("RCT") as its special litigation counsel, *nunc pro tunc* to the Petition Date (defined below).  In support of the Application, the Debtor refers the Court and interested parties to the First Day Declaration (defined below), the Affidavit of Gregory S. Schwegmann in Support of Application for an Order Authorizing Employment and Retention of Reid Collins Tsai LLP as Special Litigation Counsel to the Debtor and Debtor-in-Possession (the

"Schwegmann Affidavit") annexed hereto as **Exhibit A**, and further respectfully represents as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for the relief requested herein is section 327 of the Bankruptcy Code.

## BACKGROUND

2.  On November 9, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to manage and operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.  The Court and interested parties are respectfully referred to the Declaration of Douglas Woodrum Pursuant to Local Bankruptcy Rules 1007-2 and 9007-1 (the "First Day Declaration")[1] for a detailed description of the Debtor's business and events leading to the commencement of the Chapter 11 Cases.

4.  As of the date of this Application, the United States Trustee has not yet appointed an official creditors' committee in the Chapter 11 Case. No trustee or examiner has been appointed in the Chapter 11 Case.

## BASIS FOR RELIEF REQUESTED

5.  The Debtor seeks authority to retain RCT as special litigation counsel to the Debtor and Debtor-in-Possession pursuant section 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the First Day Declaration.

6.  Section 327(e) of the Bankruptcy Code provides:

The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

7.  Section 328(a) of the Bankruptcy Code provides:

The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

8.  Rule 2014 of the Bankruptcy Rules provides, in relevant part:

    (a)  *Application for and Order of Employment*. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the [debtor] or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the [firm] to be employed setting forth the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

## **RELIEF REQUESTED**

9.  By this Application, the Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit B**, authorizing the Debtor to employ and retain RCT as its special

-3-

litigation counsel pursuant to sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules, *nunc pro tunc* to the Petition Date.

10. The Debtor seeks to retain RCT for the specified special purpose of continuing to represent the Debtor in certain Recovery Actions pending in the United States. Among the Recovery Actions, RCT has been representing the Debtor in the following actions:

(a) *Chinacast Education Corporation v. Ron Chan Tze Ngon, Jiang Xiangyuan, Justin Tang, and Antonio Sena*, Court of Chancery of the State of Delaware, Case No. 10063-VCL (the "Ngon Action");

(b) *Chinacast Education Corporation v. Zhuoguo, et al.*, United States District Court for the Central District of California, Case No. 15-CV-5475-AB-E (the "Zhuoguo Action"); and

(c) *Chinacast Education Corporation v. Yao, et al.*, United States District Court for the Central District of California, Case No. 16-CV-01016-RSWL-SS (the "Yao Action")

11. In the Ngon Action, RCT has acquired a default judgment on behalf of ChinaCast in the amount of $366,958,436.30 against Ron Chan Tze Ngon, Jiang Xiangyuan, and Antonio Sena. ChinaCast's claims against its former director, Justin Tang, for breach of fiduciary duty asserted in the same action are still pending. In the Zhuoguo Action, RCT is pursuing several causes of action on behalf of ChinaCast against the defendants arising out of their participation in the theft of over $27 million of ChinaCast stock. Finally, RCT has been representing ChinaCast as settlement counsel in the Yao Action in an effort to resolve the Debtor's claims arising out of the defendants' receipt of property stolen from ChinaCast.

## TERMS AND CONDITIONS OF EMPLOYMENT

12. Pursuant to engagement agreements between the Debtor and RCT dated June 25, 2013 and June 27, 2013, the Debtor and RCT agreed to a contingent fee basis for compensation of RCT for representing the Debtor in the Recovery Actions on which it was engaged. Specifically, the Debtor and RCT agreed that RCT would receive (i) forty percent (40%) of any

gross recovery plus expenses in the Ngon Action and the Zhuoguo Action and 30% of the gross recovery plus expenses in the Yao Action (collectively, the "RCT Employment Terms").

13. Subject to Court approval in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Bankruptcy Court for the Southern District of New York, compensation will be payable to RCT pursuant to the RCT Employment Terms.

14. As stated in the Schwegmann Affidavit, the Debtor is currently indebted to RCT in the amount of $29,320.89 for expenses advanced by RCT. In addition, RCT may be entitled to compensation pursuant to the RCT Employment Terms if there is a recovery by RCT in any of the Recovery Actions that were pending as of the Petition Date.

15. To the best of Debtor's knowledge, RCT does not have any connection with Debtor, its creditors or any other party in interest, or their respective attorneys, except to the extent set forth herein or in the Schwegmann Affidavit.

16. The Debtor believe that RCT is well qualified to advise the Debtor in connection with the Recovery Actions it has been representing the Debtor on, and to take such actions as the Debtor determines to be beneficial.

17. No previous application for the relief sought herein has been made to this or any other court.

18. Other than as set forth above and in the Schwegmann Affidavit, no arrangement is proposed between the Debtor and RCT for compensation to be paid in Chapter 11 Case.

## NOTICE

19. Notice of this Application has been given to: (i) the Debtors' 20 largest unsecured creditors, and (ii) the Office of the United States Trustee.

**NO PRIOR REQUEST**

20.    No previous request for the relief sought in this Application has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order, substantially in the form annexed hereto as **Exhibit B**, granting it the authority to retain RCT as its special litigation counsel in this Chapter 11 Case *nunc pro tunc* to the Petition Date, and granting such other and further relief as may be just and proper.

Dated:  Mill Valley, California
        December 14, 2016

                                                        CHINACAST EDUCATION CORP.

                                                        /s/  Douglas Woodrum
                                                        Name: Douglas Woodrum
                                                        Its: Chief Financial Officer

-7-

**<u>Exhibit A</u>**

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
Joseph C. Corneau
200 West 41st Street, 17th Floor
New York, NY 10036
Tel. (212) 972-3000
Fax. (212) 972-2245

*Proposed Attorneys for the Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CHINACAST EDUCATION CORP., | Case No. 16-13121(MKV) |
| Debtor. | |

**AFFIDAVIT OF NO ADVERSE INTEREST IN SUPPORT OF APPLICATION TO EMPLOY AND RETAIN REID COLLINS TSAI LLP AS SPECIAL LIITGATION COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

STATE OF TEXAS    )
                  ) SS.:
COUNTY OF TRAVIS  )

GREGORY S. SCHWEGMANN, being duly sworn, deposes and says:

1. I am a partner with the firm of Reid Collins Tsai LLP ("RCT"). RCT maintains offices for the practice of law at 810 Seventh Avenue, Suite 410, New York, New York 10019 and 1301 S. Capital of Texas Hwy, Building C, Suite 300, Austin Texas 78746. I am an attorney at law, duly admitted to practice law in the State of New York.

2. I respectfully submit this Affidavit in support of the application of ChinaCast Education Corporation ("ChinaCast" or "Debtor") to retain RCT as special litigation counsel to the Debtor (the "Application").

3. As set forth more fully in the Application, RCT has been retained by the Debtor to

prosecute certain Recovery Actions[1] in the United States, which will continue during the administration of the Chapter 11 Case. Specifically, RCT is presently representing the Debtor in the following Recovery Actions:

(a) *Chinacast Education Corporation v. Ron Chan Tze Ngon, Jiang Xiangyuan, Justin Tang, and Antonio Sena*, Court of Chancery of the State of Delaware, Case No. 10063-VCL (the "Ngon Action");

(b) *Chinacast Education Corporation v. Guo, et al.*, United States District Court for the Central District of California, Case No. 15-CV-5475-AB-E (the "Guo Action"); and

(c) *Chinacast Education Corporation v. Yao, et al.*, United States District Court for the Central District of California, Case No. 16-CV-01016-RSWL-SS (the "Yao Action").

4.    RCT is presently a creditor of the Debtor in the amount of $29,320.89 on account of advanced expenses in the Recovery Actions. In addition, RCT may be entitled to compensation pursuant to the RCT Employment Terms if there is a recovery by RCT in any of the Recovery Actions that were pending as of the Petition Date.

5.    Insofar as I have been able to ascertain, RCT does not have any connection to the Debtor, its creditors, professionals or any other party in interest herein, other than set forth above, which would give rise to an actual or potential conflict of interest with respect to the matters that RCT represents the Debtor in.

6.    Subject to court approval in accordance with sections 328(a) and 330(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), compensation will be payable to RCT in accordance with the RCT Employment Terms.

7.    Insofar as I have been able to ascertain, RCT does not represent any interest adverse to the Debtor or its estate in the matters for which it is to be engaged.

8.    This affidavit is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b). RCT intends to apply to this Court for compensation for professional services rendered

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Application.

-2-

in connection with this case.  RCT has not received any promises as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. RCT does not have an agreement with any other entity to share with such entity any compensation it receives.

                                             *Gregory S. Schwegmann*
                                             Gregory S. Schwegmann
                                             Reid Collins Tsai LLP

Sworn to before me this
14th day of December, 2016

 /s/ _Mina Napoles Myers_____
        Notary Public
        My commission expires:
        6/23/2020

## **Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                              :    Chapter 11
                                                    :
CHINACAST EDUCATION CORP.,                          :    Case No. 16-13121(MKV)
                                                    :
                                                    :
                    Debtor.                         :
                                                    :

**ORDER AUTHORIZING RETENTION OF REID COLLINS
TSAI LLP AS SPECIAL LITIGATION COUNSEL FOR THE
DEBTOR AND DEBTOR-IN-POSSESSION**

Upon the application (the "Application") of Chinacast Education Corp. ("Chinacast" or "Debtor"), as a debtor and debtor-in-possession, for the entry of an order, pursuant to sections 327(e) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to employ and retain Reid Collins Tsai LLP ("RCT") as its special litigation counsel; and upon the affidavit of Gregory S. Schwegmann (the "Schwegmann Affidavit"), sworn to on December 14, 2016, which is annexed to the Application as Exhibit A; and upon the Declaration of Douglas Woodrum Pursuant to Local Bankruptcy Rules 1007-2 and 9077-1 (the "First Day Declaration"); and sufficient notice of the Application having been given, and it appearing that no other or further notice is required; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is granted to the extent provided herein.

2. Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a), the Debtor is hereby authorized and empowered to employ and retain RCT, as its special litigation counsel herein *nunc pro tunc* to the Petition Date on the terms and conditions set forth in the Application and the Schwegmann Affidavit.

3.   All compensation and reimbursement of expenses to be paid to RCT shall be subject to prior application to, and award by, this Court, pursuant to 11 U.S.C. §§ 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to General Order M-447 (Jan. 29, 2013) and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996.

4.   The United States Trustee retains all rights to object to RCT's interim and final fee applications on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review the interim and final applications pursuant to section 330 of the Bankruptcy Code.

5.   RCT shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this chapter 11 case.

6.   The Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _____, 2016
       New York, New York

                                                  _____
                                                  HONORABLE MARY KAY VYSKOCIL
                                                  UNITED STATES BANKRUPTCY JUDGE

No Objection:

_____
Office of the United States Trustee

-2-